IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID Q. WEBB, )
)
Plaintiff, )
)
v. )  C.A. No. 22-670-GBW
)
BANK OF AMERICA )
CORPORATION and MELISSA )
ANNE GRELLER, )
)
Defendants. )

## MEMORANDUM OPINION

David Q. Webb, Newark, Delaware.  Pro Se Plaintiff.

September 26, 2022
Wilmington, Delaware

**WILLIAMS, U.S. DISTRICT JUDGE:**

Plaintiff David Q. Webb commenced this action on May 23, 2022. (D.I. 2)
He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I.
5) The Amended Complaint is the operative pleading. (D.I. 6). Pending is
Plaintiff's request for electronic notification. (D.I. 4) The Court proceeds to
review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I.   BACKGROUND

The following facts are taken from the Complaint and assumed to be true for
screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d
Cir. 2008). The claims concern Defendant Bank of America Corporation's check
cashing fee for non-payroll paychecks. (D.I. 6 at 4)

Plaintiff alleges that Defendant Bank of America Corporation is a recipient
of federal funding through the Troubled Asset Relief Program and that it engages
in intentional discrimination in imposing check cashing fees. Plaintiff alleges
Defendants violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d
*et seq.*, he raises claims under 42 U.S.C. § 1981, alleges Defendants violated his
rights under the Fourteenth Amendment to the United States Constitution under 42
U.S.C. § 1983, and raises supplemental state claims for intentional infliction of
emotional distress and vicarious liability.

Plaintiff seeks compensatory and punitive damages.

1

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374

2

(quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d

3

Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).  Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 10.

## III.  DISCUSSION

### A.    Title VI

Count I raises a claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.  (D.I. 6 at 2-4).  The count fails to set forth plausible claims. Count I alleges that Bank of America Corporation is a recipient of federal funds by reasons of receipt of TARP funds and violated his right to equal protection by reason of his race, color, and national origin because it charges illegal fees for cashing a corporate commercial disbursement account check in violation of 42 U.S.C. § 2000d, *et seq.*  Count I alleges that "intentional discrimination" is being utilized in highly concentrated communities of people of color," and has been determined by the State of California that the practice violates the California Labor Code.

The Complaint references Exhibits 1 and 2 to support the claim.  Exhibit 1 is a receipt that indicates Plaintiff was charged an $8.00 non-customer check cashing

fee on March 1, 2022. (D.I. 6-1 at 1)  Exhibit 2 is a check made payable to Plaintiff issued by Bank of America.  (*Id.* at 2)

The claim is pled in a conclusory manner.  Moreover, there are no factual allegations that provide a plausible basis to conclude that Bank of America intentionally discriminated against Plaintiff because of Plaintiff's race, color and/or national origin as an African American male in violation of Title VI.  *See* 42 U.S.C. § 2000d; *Alexander v. Sandoval*, 532 U.S. 275, 282-83 (2001).  Notably, Exhibit 1 indicates that Plaintiff was charged a check cashing fee because he was a "non-customer".  Accordingly, Count I will be dismissed for failure to state a claim.  Plaintiff will be given leave to amend Count I.

### B.      42 U.S.C. § 1981

Count II raises a claim against Bank of America under 42 U.S.C. § 1981 for violating the Fourteenth Amendment to the United States Constitution "based upon unconstitutional animus by charging illegal fees for cashing a corporate commercial disbursement account check."  (D.I. 6 at 4)

To state a claim under section 1981, a plaintiff must allege facts supporting: "(1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated by the statute, which includes the right to make and

enforce contracts." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (cleaned up).

Plaintiff alleges in a conclusory manner an intent to discriminate on the basis of race. As to the contract requirement, Plaintiff alleges an "implicit contract" is created that private citizens will abide by the laws of the city municipal ordinances and state statutes while on the private property of public business and that this "legal contract relationship" allows to him to sue Bank of America under 42 U.S.C. § 1981.

An implicit contract or implied-in-fact contract is a contract formed through the parties' conduct. The parties' intent and mutual assent to an implied-in-fact contract is proven through conduct rather than words. *Chase Manhattan Bank v. Iridium Afr. Corp.*, 239 F. Supp. 2d 402, 408 (D. Del. 2002*), report and recommendation adopted*, 294 F. Supp. 2d 634 (D. Del. 2003). An agreement implied in fact is "founded upon a meeting of minds, which although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in light of the surrounding circumstances, their tacit understanding." *Hercules Inc. v. United States*, 516 U.S. 417, 424 (1996). The elements required to form an implied-in-fact contract are identical to those required for an express agreement, that is offer, acceptance and consideration. *In the Matter of Penn Central*, 831 F.2d 1221, 1228 (3d Cir.1987); *In re Phillips Petroleum Securities Litigation*, 697 F.

6

Supp. 1344, 1356 (D. Del. 1988).  In addition, there must be a meeting of the minds.  *Chase Manhattan Bank v. Iridium Afr. Corp.*, 239 F. Supp. 2d at 408.  To be a legally binding implied-in-fact contract, the parties' mutual assent to the contract terms must be objectively manifest or shown.  *Id.*  Mutual assent is neither a subjective nor personal understanding.  *Creditors' Comm. of Essex Builders, Inc. v. Farmers Bank*, 251 A.2d 546 (Del. 1969).

It is far from clear if there was a contract between the parties in light of the involuntary nature of the fee charged Plaintiff and Plaintiff's apparent disagreement with the check cashing fee.  Given that there was no meeting of the minds, it cannot be said that an implicit contract existed.  Moreover, as previously discussed, the allegations are conclusory.  Accordingly, Count II will be dismissed. Plaintiff will be given leave to amend the claim.

### C.    42 U.S.C. § 1983

Counts III and IV attempt to raise claims under 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

7

The claims fail as a matter of law.  Neither Defendant is a state actor acting under the color of state law – a necessary element to state a claim under § 1983. Therefore, Counts III and IV will be dismissed.  Amendment is futile.

### D.   Claims under Delaware Law

#### 1.   Intentional Infliction of Emotional Distress

Count V raises an intentional infliction of emotional distress claim against Defendant Melissa Anne Greller who is a branch manager with Bank of America. (D.I. 6 at 8)  Plaintiff alleges that Greller intentionally discriminated against him and violated his right to equal protection under the Fourteenth Amendment.  (*Id.*)

Plaintiff alleges that he spoke to Greller by telephone on February 25, 2022, and she told Plaintiff that he could cash a corporate check drawn on a Bank of America commercial disbursement account.  (*Id.*)  At the bank, Plaintiff was charged an illegal fee to cash the check.  (*Id.*)  Plaintiff spoke to Greller, who recalled speaking to Plaintiff, and Plaintiff asked her for a copy of Bank of America's written corporate policy for check cashing fees.  (*Id.*)  Greller refused. (*Id.*)  Plaintiff alleges that Greller told him Bank of America had been charging these fees to the Black community for five years.  (*Id.* at 9)

While Plaintiff sat in the lobby and started placing his paperwork into a folder he overheard Greller direct a security guard to ask Plaintiff to immediately leave the bank because it was not available to customers due to COVID

restrictions. (*Id.*)  Plaintiff alleges the pandemic restrictions had lifted and this is

further evidence of Greller's unconstitutional animus. (*Id.*)  Plaintiff alleges the

extreme stress he endured from Greller caused several heart attacks. (*Id.*)

Delaware applies Restatement (Second) of Torts § 46 in defining the

elements of intentional infliction of emotional distress. *See Cummings v. Pinder*,

574 A.2d 843, 845 (Del. 1990) (per curiam). That section imposes liability, in

relevant part, on "One who by extreme and outrageous conduct intentionally or

recklessly causes severe emotional distress to another is subject to liability for such

emotional distress, and if bodily harm to the other results from it, for such bodily

harm." Outrageous conduct is "conduct that exceeds the bounds of decency and is

regarded as intolerable in a civilized community." *Goode v. Bayhealth Med. Ctr.,*

*Inc.,* 2007 WL 2050761, at *2 (Del. July 18, 2007).

Count V fails to state a claim for intentional infliction of emotional distress.

As alleged and as referenced in Exhibit 1, Greller followed Bank of America

policy in charging a non-customer check cashing fee.  Moreover, the alleged facts

are not acts that exceed the bounds of decency or that are regarded as intolerable in

a civilized community.  Businesses routinely charge individuals customer or

service fees.  Also, it cannot be said that Greller's alleged lone statement that

Bank of America regularly charged fees to the Black community is regarded as

intolerable in a civilized community.  As pled, Count V fails to state a claim upon

which relief can be granted, and it will be dismissed.  Plaintiff will be given leave to amend Count V.

### 2.    Vicarious Liability

Count VI alleges that Bank of America is vicariously liable for the acts of Greller, its employee.  All of the Counts have been dismissed.  Thus, the vicarious liability claims against Bank of America are not cognizable.  *See Verrastro v. Bayhospitalists, LLC*, 208 A.3d 720, 724 (Del. 2019).  Accordingly, Count VI will be dismissed for failure to state claims upon which relief can be granted.  Plaintiff will be given leave to amend Count VI.

## IV.    ELECTRONIC NOTIFICATION

Plaintiff seeks electronic notification.  (D.I. 4)  The motion  will be denied without prejudice.  It is not clear if Plaintiff moves to file electronically.  If that is his intent, as required by this Court, Plaintiff must indicate that he has independently reviewed all of the materials and related topics on the Court's web site related to electronic filing and he must have a PACER account.  His motion does not meet these requirements.

## V.    CONCLUSION

For the above reasons, the Court will:  (1) deny without prejudice to renew Plaintiff's request for electronic notification (D.I. 6); (2) dismiss the Amended

Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); and (3) give Plaintiff leave to amend Counts I, II, V, and VI.

An appropriate Order will be entered.

11