================================================================

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

================================================================

| | | |
|---|---|---|
| DAVID Q. WEBB, | ) | |
| | ) | |
| Plaintiff(s) | ) | CASE NO. **1:22-CV-00670-VAC** |
| | ) | |
| V. | ) | |
| | ) | |
| **BANK OF AMERICA** | ) | **VERIFIED SECOND AMENDED** |
| **CORPORATION** | ) | **COMPLIANT FOR A CIVIL CASE** |
| and **MELISSA ANNE GRELLER** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | **DEMAND FOR CIVIL JURY TRIAL** |

FILED
OCT 11 2022
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

================================================================

## I. THE PARTIES TO THIS COMPLAINT

B. Defendant(s) Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

**Defendant No. 1**

Name, Job or Title (if known): **BANK OF AMERICA CORPORATION**

Street Address City and County: Corporate Offices, 100 North Tryon Street, Charlotte, Mecklenburg County

State and Zip Code: North Carolina 28255

Telephone Number: (704) 386-5681

**Official Capacity**

**Defendant No. 2**

Name, Job or Title (if known): **MELISSA ANNE GRELLER**, Officer & Financial Center Assistant Manager

1

Street Address City and County: Bank of America Branch #DE6-282-01-01, 400 Delaware Avenue, Wilmington, New Castle County

State and Zip Code: Delaware 19801

Telephone Number: (302) 274-3074

**Individual & Official Capacities [Final Policy Maker]**

## II. BASIS FOR JURISDICTION

Check the option that best describes the basis for jurisdiction in your case:

X **Federal Question**: Claim arises under the Constitution, Laws or Treaties of the United States. If you chose "Federal Question", state which of your federal constitutional or federal statutory rights have been violated.

This Court's Jurisdiction is pursuant to **28 U. S. C. 1331**, based on the **United States Constitutional** violations under the **14th Amendment** by the Named Below **Defendants** pursuant to **42 U. S. C. 2000d, et seq**, affording a Private Right of Action under **42 U. S. C. 1981 & 42 U. S. C. 1983**, as "Non-State Actors" & "State Actors" under "Color of State Law."

## III. VENUE

This **Court's Venue** is pursuant to **28 U. S. C. 1391**, based on all Defendants Live In this State and at least One of the Defendants lives in this **Federal District** of the **United States District Court for the District of Delaware** and a Substantial Part of the Events Contained in this Suit happened in this **Federal District**.

## IV. STATEMENT OF CLAIM

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.

All of the Events contained in this **Verified Amended Federal Civil Rights Complaint** occurred within **New Castle County, Delaware** during the period of 01 March 2022, through the Present.

**The Legal Claims & Causes of Action Against Each Defendant:**

**COUNT I: 42 U. S. C. 2000d, et seq. UNDER TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

2

This statute creates a private cause of action for claims of **Intentional Discrimination**. **Alexander v. Sandoval**, 532 U.S. 275, 279 (2001). To State a Claim, a Plaintiff must Allege that the Entity is Engaging in Discrimination on the Basis of a Prohibited Ground and that the Entity receives Federal Financial Assistance. **Fobbs v. Holy Cross Health Sys. Corp.**, 29 F.3d 1439, 1447 (9th Cir. 1994) (citations omitted), overruled on other grounds by **Daviton v. Columbia/HCA Healthcare Corp.**, 241 F.3d 1131 (9th Cir. 2001). District courts in this Circuit have uniformly ruled that Defendants in their Individual Capacities are not subject to suit under Title VI. See, e.g., **Corbin v. McCoy**, 3:16-cv-01659-JE, 2018 WL 5091620, at *7 (D. Or. Sept. 24, 2018) (cataloging cases). This is because **Title VI** is directed toward Programs that receive Federal Financial Assistance, so that there is no Private Right of Action against Individual Employees or Agents of Entities receiving Federal Funding. Id.

### [1] Claims Against Defendant BANK OF AMERICA CORPORATION

**Defendant BANK OF AMERICA CORPORATION**, is an **American Multinational Investment Bank** and **Financial Services Holding Company** with **$3.169 Trillion** in **Total Assessts** on 31 December 2021, yet it received a **$20 Billion Bailout** and a guarantee for almost **$100 Billion** of potential losses on Toxic Assets to cushion the blow from a deteriorating **Balance Sheet** at **Merrill Lynch & Copmany**, its recently acquired **Brokerage** in January 2009, from the **United States Treasury Department - Troubled Asset Relief Program** (TARP) on Friday, 16 January 2009.

Next, **Defendant BANK OF AMERICA CORPORATION,** is named as an **Defendant** as a **Recipient of Federal Funding** from the **United States Treasury Department - TARP,** Who **Intentionally Discriminated** against **Pro Se Plaintiff Webb** based on His **Race, Color and National Origin** by **Charging illegal Fees for Cashing a Corporate Commercial Disbursement Account Check** in violation of the **14th Amendment - Equal Protection Under The Law of the U. S. Constitutional Rights** of **Pro Se Plaintiff David Q. Webb** on 01 March 2022, in violation of **42 U. S. C. 2000d, et seq**, under **Title VI of the Civil Rights Act of 1964**, which provides a **Private Right of Action** under **42 U. S. C. 1983**, affording the Recovery of Money Damages.

Lastly, **Defendant BANK OF AMERICA CORPORATION** as a Named Defendant in Her Official Capacity as a **"State Actor"** acting under **"Color of State Law"** because Her Conduct as a Private Individual [Under **U. S. Supreme Court Precedent - - Corporations are Individuals, too**] Was Specifically Authorized or Approved by Statute [DELAWARE STATE STATUTES regulated by the Financial Center Development Act (FCDA) enacted in February 1981 for Interstate Banking; Delaware State Banking Commissioner under Delaware Code Title 5 - State Banking Agencies and the FEDERAL BANKING REGULATIONS, inclusive of the the Federal Deposit Insurance Corporation (FDIC), etc...], violated the **14th Amendment - Equal Protection Under The Law of the U. S. Constitutional Rights** of **Pro Se Plaintiff David Q. Webb** on 01 March 2022, based on His **Race, Color and National Origin** by **Charging illegal Fees for Cashing a Corporate Commercial Disbursement Account Check** in violation of **42 U. S. C. 2000d, et seq**, under **Title VI of the Civil Rights Act**

3

of 1964, which provides a **Private Right of Action** under **42 U. S. C. 1983**, affording the Recovery of Money Damages.

This **Intnetional Discrimination** is being utilized in hghly concentrated **Communities of Peolpe of Color**, which is **Predicated** on a **History of Defendant BANK OF AMERICA CORPORATION** having been Sued in **California State Courts** [for violating the **California Labor Code**, which requires that **Paychecks** be 'negotiable and payable in Cash, On Demand, without Discount'] for Charging Check Cashing Fees of Non-Customers to Cash their Paychecks drawn on **Bank of America Corporation Corporate Accounts** that resulted in **Settlements** that **Bank of America Corporation** pledging to no longer Charge Fees for Cashing Paychecks or make it easier for Workers to Open Accounts, but are still Charging these **Bogus Check Cashing Fees** for Non-Payroll Paychecks.

This **Intentional Discrimination** directly impacted **Pro Se Plaintiff Webb** on 01 March 2022, when **Defendant ANNE GRELLER** explicitly stipulated to **Pro Se Plaintif Webb** as an **African American Male**, that this Practice of Charging the Bank Cashing Fees to the Black Community has been done for the whole Five (5) Years that **Defendant Michelle GRELLER** has been an Employee with the **Bank of America Corporation** based on **Defendant GRELLER** being of the **Causian Class of Americans** and seeing **Pro Se Plaintiff Webb being of the Protected Class of African American (Black) Descent**, which was in direct contrast to what **Defendant GRELLER** explicitly stipulated to **Pro Se Plaintiff Webb** over the Phone on 25 Febrary 2022, that this specifically described Check Drawn on **Bank of America Accounts** could be Cashed Without any Fees before seeing **Pro Se Plaintiff Webb face-to-face**.

**Defendant GRELLER** recalled speaking with **Pro Se Plaintiff Webb** over the Phone Days Earlier and when **Pro Se Plaintiff Webb** Protested to being Changed the Check-Cashing Fees now that **Pro Se Plaintiff Webb** was In-Person and Insisted on Printing the **Written Bank of America Policy, Defendant GRELLER** did not refuse, She stipulated there was NO Written Policy She could provide to **Pro Se Plaintiff Webb** after taking several minutes to locate such Check-Cashing Fees Written Policy.

The above actions by **Defendant GRELLER** coupled with **Pro Se Plaintiff Webb** sitting in the **Bank of America Branch Lobby** after the Transaction with **Defendant GRELLER** and overhearing **Defendant GRELLER** direct a **Security Guard** to ask **Pro Se Plaintiff** to immediately leave the **Bank**, because it was not available to Customers due to COVID-19 Global Pandemic Restrictions, which had been lifted by the **Delaware State Governor** Months Earlier was further evidence of **Defendant GRELLER's Unconstitutional Animus**, which caused Extreme Stress of **Pro Se Plaintiff Webb** to endure from these actions of **Defendant GRELLER** causing **Pro Se Plaintiff Webb** to have several **Heart Attacks**.

The same Check Cashing Policy was not afforded to the White Citizens before/after that came into this Bank of America Branch on 01 March 2022, while Pro Se Plaintiff Webb was present conducting His own Financial Transaction with Defendant GRELLER before/after Pro Se plaintiff Webb's concluded His Banking Transaction.

4

These attached **Exhibits - #1 & #2**, sent-forth these **Facts** and additionally incorporate **COUNT IV: [1] & COUNT V: [1]**.

The **Federal Jurisdiction** for these above **Defendants** are under **28 U. S. C. 1331**.

**COUNT II: COUNT II: 42 U. S. C. 1981**

**Pro Se Plaintiff Webb** strongly contends that the Claims Against the **Private Business** are in violation of the **14th Amendment of the United States Constitution** under the **Circumstances** in this **Case at Bar**.

Germane to **Pro Se Plaintiff Webb's** strong **Allegations** are Two-Fold:

[1] **Unconstitutional Animus** [consisting of **Hostility; Animosity; Prejudice; Private Bias** and/or **Fear**] was the basis for the **Private Citizen** as **Employer** of this **Named Private Business** to authorize these "illegal Check Cashing Fees" Under "Color of State Law."

These are **Legal Precedent** under Four (4) **U. S. Supreme Court Cases** [**Moreno v. Department of Agriculture**, 413 U. S. 528 (1973); **Palmore v. Sidotti**, 466 U. S. 429 (1984); **City of Cleburne v. Cleburne Living Center**, 473 U. S. 432 (1985) and **Romer V. Evans**, (1996)] **Holding that Unconstitutional Animus Shall Not be the Basis for Enshrining those Beliefs in the Laws of a State**.

[2] When a **Pro Se Plaintiff Webb** entered the Bank of America Branch on 01 March 2022, an **Implicit Contract** was created that the **Pro Se Plaintff Webb** would abide by the **Laws of the City Municipal Ordinances** and **State Statutes** while on the **Private Property** of the **Bank of America Branch Location**.

Based on this **Legal Contract Relationship** it allows for **Pro Se Plaintiff Webb** to Sue **Defendant BANK OF AMERICA CORPORATION** under **42 U. S. C. 1981(a); 42 U. S. C. 1981(b)** and **42 U. S. C. 1981(c)**, as a **Governmental Actor** with an "Implied Contract Relationship" who committed **Discrimination** against **Plaintff Webb** based on Him being a **Non-White Citizen** of the State of Delaware in violation of the **14th Amendment** based on **Unconstitutional Animus** by **Charging illegal Fees for Cashing a Corporate Commercial Disbursement Account Check**.

**Pro Se Plaintiff Webb** alleges that **Defendant BANK OF AMERICA CORPORATION** Sued under **42 U. S. C. 1981**, is a "Governmental Actor" under "Color of State Law" because Her Conduct as a Private Individual [Under **U. S. Supreme Court Precedent** - - Corporations are Individuals, too] Was Specifically Authorized or Approved by Statute.

[A] Under **42 U. S. C. 1981(a)**, Defendant **BANK OF AMERICA CORPORATION** did not provide the same proper "...**Enjoyment of all Benefits, Privileges, Terms, and Conditions of the Contractual Relationship**..." for African Americans [**Pro Se Plaintiff Webb**] as it provided to **White Citizens** upon becoming a **Customer** under their

5

**Implied Contract Agreement** applied equally among the **Customers** that had **Implied Contract Agreements** on 01 March 2022 to the Present, which violated the **14th Amendment of the U. S. Constitution** by **Charging illegal Fees for Cashing a Corporate Commercial Disbursement Account Check**.

      This was accomplished when **Defendant GRELLER** explicitly stated to **Pro Se Plaintiff Webb** over the Phone on 25 Febrary 2022, that the explicitly described Check in **Pro Se Plaintiff Webb's** possession would not be Charged any type of Check Cashing Fees, but upon **Pro Se Plaintiff Webb** appearing In-Person with **Defendant GRELLER** the same individual He spoke with over the Phone just days earlier Who acknowledged Her rememberance of **Pro Se Plaintiff Webb**, then seeing Him as of **African Descent** (**African American**) chose to Charge the Check Cashing Fees by explaining this has been done the whole Five (5) Years to the **Black Community** of Charging the Check Cashing Fees, which was not afforded to the **White Citizen Customers** that came into this same **Bank of America Branch Location** and conducted Check Cashing Transactions with **Defendant GRELLER** before and after **Pro Se Plaintiff Webb** had conducted His Financial Transaction with **Defendant GRELLER**.

      [B] Under **42 U. S. C. 1981(b)**, **Defendant BANK OF AMERICA CORPORATION** denied **Pro Se Plaintiff Webb** in **"Making and Enforcing Contracts"** in performing in the same accordance afforded to **White Citizens** as a **Customer** under the **Implied Contract Agreements** in enjoying all of the **Benefits, Privileges, Terms, and Conditions of the Contractual Relationship** as the **White Citizen Customers** on 01 March 2022 to the Present, which violated the **14th Amendment of the U. S. Constitution** by **Charging illegal Fees for Cashing a Corporate Commercial Disbursement Account Check**.

      [C] Under **42 U. S. C. 1981(c)**, **Defendant BANK OF AMERICA CORPORATION inflicted Governmental Discrimination** by having **Policies and Procedures** in placed that **Intentionally Discriminated** against African Americans [**Pro Se Plaintiff Webb**] of denying proper **application of Municipal and Delaware State Laws** under the **Implied Contract Agreements** for for African Americans [**Pro Se Plaintiff Webb**] that was afforded to **White Citizens** that had the same type of **Implied Contract Agreements** on 01 March 2022 to the Present, which violated the **14th Amendment of the U. S. Constitution** by **Charging illegal Fees for Cashing a Corporate Commercial Disbursement Account Check**.

      **Pro Se Plaintiff Webb** alleges that **All Named Defendants** Sued under **42 U. S. C. 1981**, are **"State Actors"** under **"Color of State Law"** as **Delaware Code Title 5, Regulates** the **Duties** and **Responsibilities** of **Defendant BANK OF AMERICA CORPORATION** Employees, <u>which are Specifically Authorized or Approved by Statute [DELAWARE STATE STATUTES regulated by the Financial Center Development Act (FCDA) enacted in February 1981 for Interstate Banking; by the Delaware State Banking Commissioner under Delaware Code Title 5 - State Banking Agencies and the FEDERAL BANKING REGULATIONS, inclusive of the Federal Deposit Insurance Corporation (FDIC), etc…].</u>

      **Pro Se Plaintiff Webb** alleges that both **Defendants BANK OF AMERICA CORPORATION** and **MELISSA ANNE GRELLER** in their **Official Capacity** are **"State Actors"** under **"Color of State Law"** pursuant to <u>Shelley v. Kraemer</u>, 334 U. S. 1 (1948), in

that this **Federal Civil Rights Lawsuit** is to **Judicially Enforce** the **Non-Discrimination Contract** between **Defendant BANK OF AMERICA CORPORATION** and the **United States Department of the Tresuary** under **42 U. S. C. 2000d, et seq., under Title VI of the Civil Rights Act of 1964** and <u>**Brentwood Academy v. Tennessee Secondary School Athletic Association**</u>, 535 U. S. 971 (2002), in that the $120 Billion received from the **United States Department of the Treasury** under the **TARP Program** made the **Federal Government "Pervasively Entwined "** with the Leadership of the Private Organization, the Acts of the Organization are **State Action"** with the Rehiring in 2009, of **Mr. Andy Sieg**, President of **Merrill Lynch Wealth Management** upon the $100 Billion of **TARP Bail-Out Federal Funding** and more recently with **Mr. Tom Scrivener**, Chief Operations Executive overseeing the **Bank's Paycheck Protection Program (PPP) Forgiveness Program** funded through the **United States Small Business Administration** (SBA).

**Pro Se Plaintiff Webb** relies on <u>**Adickes v. S. H. Kress & Company**</u>, 398 U. S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970), in this **42 U. S. C. 1983 Action** being brought against a Private Party, based on a **Claim of Racial Discrimination** in violation of the **Egual Protection Clause** of the **14th Amendment under the United States Constitution**.

[1] <u>**Claims Against Defendant BANK OF AMERICA CORPORATION**</u>

- **Plaintiff Webb incorporates these facts herewith** from above under **COUNT I:** and **COUNT I: [1]** herewith against these below **Defendants**.

    **[A] Defendant BANK OF AMERICA CORPORATION** [Under U. S. Supreme Court Precedent - - Corporations are Individuals, too] as the **Final Policy Maker** in its **Official Capacity** for **Defendant BANK OF AMERICA CORPORATION** incorporates these **Facts** from **COUNT I; COUNT I: [1]; COUNT V: [1]** and **COUNT VI: [1]** herewith against **Defendant MELISSA ANNE GRELLER**.

    **[B] Defendant MELISSA ANNE GRELLER**, Officer & Financial Center Assistant Manager as a **Final Policy Maker** in Her **Official Capacity** for **Defendant BANK OF AMERICA CORPORATION** incorporates these **Facts** from **COUNT I; COUNT I: [1]; COUNT V: [1]** and **COUNT VI: [1]** herewith against **Defendant MELISSA ANNE GRELLER**.

    <u>This **Intnetional Discrimination** is being utilized in hghly concentrated **Communities of Peolpe of Color**, which is **Predicated** on a **History of Defendant BANK OF AMERICA CORPORATION** having been Sued in **California State Courts** [for violating the **California Labor Code**, which requires that **Paychecks** be 'negotiable and payable in Cash, On Demand, without Discount'] for Charging Check Cashing Fees of Non-Customers to Cash their Paychecks drawn on **Bank of America Corporation Corporate Accounts** that resulted in **Settlements** that **Bank of America Corporation** pledging to no longer Charge Fees for Cashing Paychecks or make it easier for Workers to Open Accounts, but are still Charging these **Bogus Check Cashing Fees for Non-Payroll Paychecks**.</u>

7

This **Intentional Discrimination** directly impacted **Pro Se Plaintiff Webb** on 01 March 2022, when **Defendant ANNE GRELLER** explicitly stipulated to **Pro Se Plaintif Webb** as an **African American Male**, that this Practice of Charging the Bank Cashing Fees to the Black Community has been done for the whole Five (5) Years that **Defendant Michelle GRELLER** has been an Employee with the **Bank of America Corporation** based on **Defendant GRELLER** being of the **Causian Class of Americans** and seeing **Pro Se Plaintiff Webb being of the Protected Class of African American (Black) Descent**, which was in direct contrast to what **Defendant GRELLER** explicitly stipulated to **Pro Se Plaintiff Webb** over the Phone on 25 Febrary 2022, that this specifically described Check Drawn on **Bank of America Accounts** could be <u>Cashed Without any Fees before seeing **Pro Se Plaintiff Webb face-to-face**</u>.

**Defendant GRELLER** recalled speaking with **Pro Se Plaintiff Webb** over the Phone Days Earlier and when **Pro Se Plaintiff Webb** Protested to being Changed the Check-Cashing Fees now that **Pro Se Plaintiff Webb** was In-Person and Insisted on Printing the **Written Bank of America Policy, Defendant GRELLER** did not refuse, She stipulated there was NO Written Policy She could provide to **Pro Se Plaintiff Webb** after taking several minutes to locate such Check-Cashing Fees Written Policy.

The above actions by **Defendant GRELLER** coupled with **Pro Se Plaintiff Webb** sitting in the **Bank of America Branch Lobby** after the Transaction with **Defendant GRELLER** and overhearing **Defendant GRELLER** direct a **Security Guard** to ask **Pro Se Plaintiff** to immediately leave the **Bank**, because it was not available to Customers due to COVID-19 Global Pandemic Restrictions, which had been lifted by the **Delaware State Governor** Months Earlier was further evidence of **Defendant GRELLER's Unconstitutional Animus**, which caused Extreme Stress of **Pro Se Plaintiff Webb** to endure from these actions of **Defendant GRELLER** causing **Pro Se Plaintiff Webb** to have several **Heart Attacks**.

**The same Check Cashing Policy was not afforded to the White Citizens before/after that came into this Bank of America Branch on 01 March 2022, while Pro Se Plaintiff Webb was present conducting His own Financial Transaction with Defendant GRELLER before/after Pro Se plaintiff Webb's concluded His Banking Transaction.**

These attached **Documents** as <u>**Exhibit - #1 & #2**</u>, sent-forth these **Facts** and additionally incorporate **COUNT V: [1] & COUNT VI: [1]**.

The **Federal Jurisdiction** for these above **Defendants** are under **28 U. S. C. 1331**.

## COUNT III: <u>14th AMENDMENT OF THE U. S. CONSTITUTION - EQUAL PROTECTION UNDER THE LAW CLAUSE</u>

**Plaintiff Webb incorporates these facts herewith** from above under **COUNT I** & **COUNT I: [1]** herewith against these below **Defendants**.

    **[1] Defendant BANK OF AMERICA CORPORATION** [Under **U. S. Supreme Court Precedent - - Corporations are Individuals, too**] as the **Final Policy Maker** in its **Official Capacity** for **Defendant BANK OF AMERICA CORPORATION**

8

incorporates these **Facts** from **COUNT I; COUNT I: [1]; COUNT V: [1]** and **COUNT VI: [1]** herewith against **Defendant MELISSA ANNE GRELLER**.

**[2] Defendant MELISSA ANNE GRELLER**, Officer & Financial Center Assistant Manager as a **Final Policy Maker** in Her **Official Capacity** for **Defendant BANK OF AMERICA CORPORATION** incorporates these **Facts** from **COUNT I; COUNT I: [1]; COUNT V: [1]** and **COUNT VI: [1]** herewith against **Defendant MELISSA ANNE GRELLER**.

This <u>**Intnetional Discrimination** is being utilized in hghly concentrated **Communities of Peolpe of Color**, which is **Predicated** on a **History of Defendant BANK OF AMERICA CORPORATION** having been Sued in **California State Courts** [for violating the **California Labor Code**, which requires that **Paychecks** be 'negotiable and payable in Cash, On Demand, without Discount'] for Charging Check Cashing Fees of Non-Customers to Cash their Paychecks drawn on **Bank of America Corporation Corporate Accounts** that resulted in **Settlements** that **Bank of America Corporation** pledging to no longer Charge Fees for Cashing Paychecks or make it easier for Workers to Open Accounts, but are still Charging these **Bogus Check Cashing Fees**</u> for Non-Payroll Paychecks.

This **Intentional Discrimination** directly impacted **Pro Se Plaintiff Webb** on 01 March 2022, when **Defendant ANNE GRELLER** explicitly stipulated to **Pro Se Plaintif Webb** as an **African American Male**, that this Practice of Charging the Bank Cashing Fees to the Black Community has been done for the whole Five (5) Years that **Defendant Michelle GRELLER** has been an Employee with the **Bank of America Corporation** based on **Defendant GRELLER** being of the **Causian Class of Americans** and seeing **Pro Se Plaintiff Webb being of the Protected Class of African American (Black) Descent**, which was in direct contrast to what **Defendant GRELLER** explicitly stipulated to **Pro Se Plaintiff Webb** over the Phone on 25 Febrary 2022, that this specifically described Check Drawn on **Bank of America Accounts** could be <u>Cashed Without any Fees before seeing **Pro Se Plaintiff Webb face-to-face**</u>.

**Defendant GRELLER** recalled speaking with **Pro Se Plaintiff Webb** over the Phone Days Earlier and when **Pro Se Plaintiff Webb** Protested to being Changed the Check-Cashing Fees now that **Pro Se Plaintiff Webb** was In-Person and Insisted on Printing the **Written Bank of America Policy, Defendant GRELLER** did not refuse, She stipulated there was NO Written Policy She could provide to **Pro Se Plaintiff Webb** after taking several minutes to locate such Check-Cashing Fees Written Policy.

The above actions by **Defendant GRELLER** coupled with **Pro Se Plaintiff Webb** sitting in the **Bank of America Branch Lobby** after the Transaction with **Defendant GRELLER** and overhearing **Defendant GRELLER** direct a **Security Guard** to ask **Pro Se Plaintiff** to immediately leave the **Bank**, because it was not available to Customers due to COVID-19 Global Pandemic Restrictions, which had been lifted by the **Delaware State Governor** Months Earlier was further evidence of **Defendant GRELLER's Unconstitutional Animus**, which caused Extreme Stress of **Pro Se Plaintiff Webb** to endure from these actions of **Defendant GRELLER** causing **Pro Se Plaintiff Webb** to have several **Heart Attacks**.

  **The same Check Cashing Policy was not afforded to the White Citizens before/after that came into this Bank of America Branch on 01 March 2022, while Pro Se Plaintiff Webb was present conducting His own Financial Transaction with Defendant GRELLER before/after Pro Se plaintiff Webb's concluded His Banking Transaction.**

  These attached **Documents** as <u>**Exhibit - #1 & #2**</u>, sent-forth these **Facts** and additionally incorporate **COUNT V: [1] & COUNT VI: [1]**.

  The **Federal Jurisdiction** for this above **Defendants** is under **28 U. S. C. 1331**.

**COUNT IV: <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

  In Delaware No cause of action may be asserted for a Negligent Infliction of Emotional Distress Absent proof that Plaintiff has Suffered Severe Emotional Distress and has some **"Physical Injury"** resulting from Defendant's Actions. A person may Claim Emotional Distress from witnessing the injury of another, or from one's own apprehension of injury. However, an Essential Element is that the Claimant has a **"Physical Injury."** <u>Intentional infliction of emotional distress may warrant damages in the Absence of an Injury provided if there is a Showing of Severe Emotional Distress Caused by Extreme or Outrageous Conduct</u>.

  **[1] Defendant MELISSA ANNE GRELLER committed Intentional Infliction of Emotional Distress - -** On Friday, 25 February 2022, I phoned the **Bank of America Branch** at 400 Delaware Avenue, Wilmington, Delaware 19801, and spoke with **Ms. Melissa Greller** Who stipulated that She was the Assistant Branch Manager Acting in the Capacity as the Branch Manager, and I could come-in and **Cash a Corporate Check** drawn on a **Bank of America Commercial Disbursement Account**.

  I arrived on Tuesday, 01 March 2022, and **Ms. Melissa Anne Greller** was the **Bank Teller** assisting **Bank of America Customers** to **Cash** the **Corporate Check** and notified Her that I was the Gentleman that She spoke with on Friday, 25 February 2022, over the Phone, of which She acknowledged that She remembered Our Phone Conversation.

  **MELISSA ANNE GRELLER** then **Intentionally Discriminated** against **David Webb** based on <u>**Unconstitutional Animus**</u> on 01 March 2022, in violating the **14th Amendment of the U. S. Constitution - Equal Protection Under The Law** after seeking the **Cashing** of **Corporate Check [Copart, Incorporated]** drawn on the **Bank of America**, Northbrook, Illinois 75889 - **Commercial Disbursement Account No. 70-2328/719** for **illegal Fees Charged** to **Cash** such **Check**. <u>See Attached **Corporate Check and Receipt**</u>.

  Additionally, **MELISSA ANNE GRELLER** explicitly stipulated that She could not provide **David Webb** with a **Written Bank of America Corporation Policy** stipulating that the **Fees Charged for Cashing a Corporate Check Drawn on an Bank of America Commercial Disbursement Account**, <u>because there was None on 01 March 2022</u>.

10

Next, **MELISSA ANNE GRELLER** stipulated that She has been with **Bank of America** for Five (5) Years and is the **Assistant Branch Manager** [Acting as the Branch Manager until the Newly Appointed Branch Manager starts in May 2022] and We [BANK OF AMERICA CORPORATION] have been Charging these Fees to the Black Community during each of these Five (5) Years. See attached **Exhibit #1**.

Then **Pro Se Plaintiff Webb** sat in the Front Entrance Lobby area and started placing the Paperwork from the Banking Transaction with **Defendant MELISSA ANNE GRELLER** into a File Folder and overheard the Phone Conversation between the Young White Male Security Guard and **Defendant MELISSA ANNE GRELLER** directing Him to ask **Pro Se Plaintiff Webb** to immediately leave the **Bank of America Branch**, because the **Bank of America Branch** was not available for its Customers to sit in the Lobby Area due to the **COVID-19 Pandemic Delaware State of Emergency** on 01 March 2022.

The **Delaware State Governor** [John Carney] had Lifted the **Delaware State of Emergency for the COVID-19 Pandemic** on 13 July 2021. This is further Evidence of Defendant MELISSA ANNE GRELLER's Unconstitutional Animus against **Pro Se Plaintiff Webb** in Her Official Capacity as a **Bank of America Corporation Employee**.

**Unconstitutional Animus** [consisting of **Hostility; Animosity; Prejudice; Private Bias** and/or **Fear**] which was the basis of **Defendant MELISSA ANNE GRELLER** Actions Under "Color of State Law".

These are **Legal Precedents** under Four (4) **U. S. Supreme Court Cases** [**Moreno v. Department of Agriculture**, 413 U. S. 528 (1973); **Palmore v. Sidotti**, 466 U. S. 429 (1984); **City of Cleburne v. Cleburne Living Center**, 473 U. S. 432 (1985) and **Romer V. Evans**, (1996)] Holding that Unconstitutional Animus Shall Not be the Basis for Enshrining those Beliefs in the Laws of a State.

Lastly, this **Extreme Stress** endured from **Defendant MELISSA ANNE GRELLER**, Officer & Financial Center Assistant Manager caused several **Heart-Attacks** - - My **Surgical Cardiologist** is **Dr. Yuri Khodakov, M. D.**

The **Federal Jurisdiction** for these above **Defendants** are under **28 U. S. C. 1367.**

**COUNT V: VICARIOUS LIABILITY.**

In **Delaware** it is Long-Settled that **Fisher v. Townsend's, Incorporated**, 695 A.2d 53 (1979), controls **Vicarious Liability** against a **Employer/Employee Relationships** as alleged here with the below **Named Defendant [Employee] Relationship** to the **Named Defendant [Employer]**, which is Long-Held that "… **In Delaware, the General Rule is that in order to hold an Employer Vicariously Liable for the Torturous Acts of its Employees, the Employee must have been Acting in**

furtherance of the Employer's Business and within the Course and Scope of Employment when the Torturous Act was committed…"

[1] Defendant **BANK OF AMERICA CORPORATION**, became **Vicariously Liable** pursuant to <u>Fisher v. Townsend's, Incorporated</u>, 695 A.2d 53 (1979), as soon as **Defendant MELISSA ANNE GRELLER** Intentionally Discriminated against **Pro Se Plaintiff Webb** based on <u>Unconstitutional Animus</u> on 01 March 2022, in violating the **14th Amendment of the U. S. Constitution - Equal Protection Under The Law** after seeking the Cashing of Corporate Check [**Copart, Incorporated**] drawn on the **Bank of America**, Northbrook, Illinois 75889 - **Commercial Disbursement Account No. 70-2328/719** for **illegal Fees Charged** to **Cash** such **Check**.

Additionally, **Defendant MELISSA ANNE GRELLER** explicitly stipulated that She could not provide **Pro Se Plaintiff Webb** with a **Written Bank of America Corporation Policy** stipulating that the **Fees Charged for Cashing a Corporate Check Drawn on an Bank of America Commercial Disbursement Account**, <u>because there was None on 01 March 2022</u>.

Lastly, **Defendant MELISSA ANNE GRELLER** stipulated that She has been with **Bank of America** for Five (5) Years and is the **Assistant Branch Manager** [<u>Acting as the Branch Manager</u> until the **Newly Appointed Branch Manager** starts in May 2022] and We [Defendant **BANK OF AMERICA CORPORATION**] have been <u>**Charging** these Fees to the Black Community</u> during each of these Five (5) Years. See attached <u>Exhibits #1 & #2</u>.

The **Federal Jurisdiction** for these above **Defendants** are under **28 U. S. C. 1367**.

V. **INJURIES**

**Plaintiff Webb** alleges that all of the above **Defendants** Acting in Their **Official Capacities** under "Color of State Law" violated **Plaintiff Webb's U. S. Constitutional Rights & Delaware State Tort Laws** that caused **Extreme Mental Anguish** and **Pain & Suffering** based on **Unconstitutional Animus**.

VI. **RELIEF**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.

I am seeking Compensation for **Money Damages** from the **Defendant BANK OF AMERICA CORPORATION** and specifically **Named "Color of State Law" Defendants** in their **Individual & Official Capacities** after being denied **Equal Protection Under the Law** under the **14th Amendment of the United States Constitution** based on **Unconstitutional Animus**.

**[1]** These are the amicable **Money Damages** for the <u>Unconscionable Mental Anguish Suffered from being Mentally Abused by the "Color of State Law" Defendants during the above events</u>, as follows:

<u>Paying Cumulatively the Total Sum of **$1.8 Million Dollars** from **Bank of America Corporation & Melissa Anne Greller** and/or its Indemnification Insurer to **Plaintiff Webb**</u>.

**[2]** <u>**Defendant BANK OF AMERICA CORPORATION** as the **Employer shall Pay the Sum of $280,000.00,** for its **Legal Liability** under the **Vicarious Liability Law**</u> pursuant to Long-Settled **Fisher v. Townsend's, Incorporated**, 695 A.2d 53 (1979), Who's Employee made its Employer Legally Culpable, which basically stipulates:

"… **In Delaware, the General Rule is that in order to hold an Employer Vicariously Liable for the Torturous Acts of its Employees, the Employee must have been Acting in furtherance of the Employer's Business and within the Course and Scope of Employment when the Torturous Act was committed…**"

**WHEREFORE**, Plaintiff **DAVID Q. WEBB** respectively prays that this **Court**:

A. Enter Judgment in his favor and against All Named Defendants.
B. Award Compensatory Damages, Attorney's Fees, and Costs against each Defendant, and Punitive Damages against each of the Defendants in their Individual Capacity.
C. Grant such other and further Relief as the Court deems Equitable and Just.

## VII. CLOSING

I **Certify or Declare under Penalty of Perjury** under the **Laws of the State of Delaware & Washington and the United States of America** that the foregoing is true and correct to the best of knowledge, information and belief in accordance with **28 U. S. C. 1746.**

**Executed this 10th Day of October 2022.**

David Q. Webb          /s/ David Q. Webb
Print Name             Signature

13

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED



**UNITED STATES POSTAL SERVICE**  Retail

US POSTAGE PAID
**$9.90**
Origin: 33602
10/07/22
1189140620-90

**PRIORITY MAIL®**

DAVID WEBB
40 E MAIN ST
NEWARK DE 19711-4639
0 Lb 3.70 Oz
1004

EXPECTED DELIVERY DAY: 10/11/22

C012

SHIP TO:
US DISTRICT COURT
844 N KING ST
UNIT 18
WILMINGTON DE 19801-3519

USPS TRACKING #



9505 5157 8729 2280 4248 65



EP14F July 2022
OD: 12 1/2 x 9 1/2
USPS.COM/PICKUP

FROM: DAVID WEBB
40 East Main Street, #137
Newark, DE 19711

FILED
OCT 11 2022
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

TO:
U.S. District Court for the District of Delaware
Office of the Clerk of Court
844 North King Street, Unit #18
Wilmington, DE 19801-3570