IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID Q. WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-670-GBW |
| | ) |
| BANK OF AMERICA | ) |
| CORPORATION and MELISSA | ) |
| ANNE GRELLER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

David Q. Webb, Newark, Delaware. Pro Se Plaintiff.

October 10, 2023
Wilmington, Delaware

**WILLIAMS, U.S. DISTRICT JUDGE:**

Plaintiff David Q. Webb commenced this action on May 23, 2022. (D.I. 2). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Second Amended Complaint is the operative pleading. (D.I. 10). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

**I.   BACKGROUND**

The following facts are taken from the Second Amended Complaint and assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). The claims concern Defendant Bank of America Corporation's check cashing fee for non-payroll paychecks. (D.I. 6 at 4)

Plaintiff alleges that Defendant Bank of America Corporation is a recipient of federal funding through the Troubled Asset Relief Program and that it engages in intentional discrimination in imposing check cashing fees. Plaintiff alleges Defendants violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq.*, raises claims under 42 U.S.C. § 1981, alleges Defendants violated his rights under the Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983, and raises supplemental state claims for intentional infliction of emotional distress and vicarious liability. Plaintiff seeks compensatory and punitive damages.

1

By Memorandum Opinion and Order entered on September 26, 2022, the Court screened the Amended Complaint and dismissed it as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). (D.I. 7, 8). The Court gave Plaintiff leave to amend Counts I, II, V, and VI. On October 11, 2022, Plaintiff filed a Second Amended Complaint. (D.I. 10). On the same day, however, he also filed a notice of appeal. (D.I. 9). The Court did not retain jurisdiction to screen the Second Amended Complaint until the appeal was dismissed for lack of jurisdiction on July 7, 2023. (D.I. 14).

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

As noted, in the Court's September 26, 2022 Memorandum Opinion, the deficiencies in the Amended Complaint were outlined and Plaintiff was given leave to amend. In the Second Amended Complaint, Plaintiff has essentially asserted identical allegations and, thus, has failed to remedy the deficiencies outlined by the Court.

Accordingly, the Second Amended Complaint will be dismissed for failure to state a claim for the reasons outlined in the Court's September 26, 2022 Memorandum Opinion.

### IV.   CONCLUSION

For the above reasons, the Court will dismiss the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order will be entered.

4